IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DEMON SLATER, #177 985     *

   Plaintiff,     *

v.     * CIVIL ACTION NO. 2:05-CV-505-D
                                    (WO)
SGT. DAVIDSON, *et al.*,     *

   Defendants.     *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 12, 2005 the undersigned directed Plaintiff to file an amendment to his complaint concerning the factual allegations contained therein. (Doc. No. 7.) Plaintiff was cautioned that his failure to comply with the July 12 order would result in a Recommendation that his complaint be dismissed without further notice from the court. (*Id.*) The requisite time has passed and Plaintiff has not responded to the order that he amend his complaint. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before August 18, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of August, 2005.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE